IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AZAEL DYTHIAN PERALES,

      Plaintiff,                  No. CIV S 11-1621 LKK GGH PS

vs.

U.S. MARSHALS SERVICE, et al.,

      Defendants.             ORDER AND FINDINGS AND
                                          RECOMMENDATIONS
_____/

        Plaintiff is proceeding in this action pro se, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989); Franklin, 745 F.2d at 1227.
8    A complaint must contain more than a "formulaic recitation of the elements of a
9  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11 "The pleading must contain something more...than...a statement of facts that merely creates a
12 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
13 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
15 v. Iqbal,  ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
16 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
17 the court to draw the reasonable inference that the defendant is liable for the misconduct
18 alleged." Id.
19   Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
20 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
21 Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
22 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
23 dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
24   In this case, plaintiff has filed a petition for writ of habeas corpus.  His claims are
25 difficult to discern and he has sued numerous unrelated defendants; however, it appears that
26 plaintiff is complaining that he has not received food stamps and that defendants' actions

constitute welfare fraud.  There are approximately 92 defendants, including President Obama, Timothy Geithner, Hillary Clinton, Robert Mueller, among other random individuals and entities. The complaint is otherwise nonsensical.  As an example, one paragraph states:

> Honorable Chief Judge this case is a insidious plot to, delay a Supreme Court Decision in 2005 against the City of Anaheim and the adjudication proceedings & theft of my civil settlement in 2005, 2006, 2007, 2008, 2009 and 2010.  This case involves failure to follow procedures or the law.  Failure to provide information in Supreme Court Decision 2005 adjudication proceedings & theft of civil settlement.

(Compl. at 3.)

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), and because the complaint is frivolous, it must be dismissed.

To the extent that plaintiff seeks to file a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, there is no relief available in this court.  A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3).  In this case, plaintiff is not incarcerated, but is apparently a homeless person in Fullerton, California.  Plaintiff is not entitled to habeas corpus relief in this court.

Accordingly, IT IS HEREBY ORDERED that: plaintiff's request for leave to proceed in forma pauperis is granted.

////

1       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 26, 2011

                                            /s/ Gregory G. Hollows
                                        UNITED STATES MAGISTRATE JUDGE

GGH:076/Perales1621.ven.wpd